# United States Navy–Marine Corps
# Court of Criminal Appeals

**UNITED STATES**
          **Appellee**

   **v.**

**Lamaont A. McCLARY**
**Lance Corporal (E-3)**
**U. S. Marine Corps**
          **Appellant**

NMCCA No. 201900111

**Panel 2**

**ORDER**

*Remanding Case for*
*New Post-Trial Processing*

At a special court-martial, the Appellant was convicted of violating Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934. Pursuant to a plea agreement with the convening authority, he entered pleas of guilty. He was sentenced to reduction to paygrade E-1, confinement for 12 months, and a bad-conduct discharge. As required in the plea agreement, the convening authority suspended all confinement over six months.

Although the charge sheet did not reflect any form of pretrial restraint, the Appellant was, in fact, ordered into pretrial restriction on 16 November 2018. While subject to pretrial restriction, on or about 3 January 2019, the Appellant was issued nonjudicial punishment and was ordered to be restricted. Because the trial counsel omitted any reference to pretrial restriction on the charge sheet, the military judge was unaware of the Appellant's restriction status until he encountered the following term in Part II of the plea agreement, Appellate Exhibit III: "One day of confinement credit will be granted for every two days of pretrial restriction served."

The military judge failed to calculate how many days of pretrial restriction the Appellant served. Neither the record of trial, the Statement of Trial Results, the Staff Judge Advocate Review, the Convening Authority Action, nor the Entry of Judgment indicates the number of days of confinement credit to which the Appellant was entitled and had been awarded. The military judge and convening authority abdicated their duty to calculate the number of days of confinement credit due to the Appellant and apparently deferred this legal determination to the staff of the military confinement facility. The Appellant was released from confinement on 12 June 2018.

Furthermore, we note that the Entry of Judgment does not accurately reflect the findings. The Entry of Judgment reflects that Charge II and its sole Specification were withdrawn. Pursuant to the plea agreement, the parties agreed the convening authority would withdraw Charge II and its Specification

after the military judge accepted the Appellant's pleas of guilty, and that Charge II and its Specification would be dismissed without prejudice upon announcement of sentence, with such dismissal to ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence have been upheld.[1] However, the Entry of Judgment merely reflects that the charge and specification were withdrawn.

Accordingly, it is, by the Court, this 30th day of September 2019,

**ORDERED:**

1. That the Statement of Trial Results is **SET ASIDE**.

2. That the Convening Authority Action is **SET ASIDE**.

3. That the Entry of Judgment is **SET ASIDE**.

4. That the record is returned to the Judge Advocate General for remand to the Navy-Marine Corps Chief Trial Judge to detail a military judge to reaccomplish the Statement of Trial Results in compliance with RULE FOR COURTS-MARTIAL (R.C.M.) 1101, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2019 ed.), to indicate the specific number of days of confinement credit. Next, the record will be forwarded to the convening authority to reaccomplish the Convening Authority Action in compliance with R.C.M. 1109 consistent with this Order. Thereafter the record will be forwarded to the military judge to reaccomplish the Entry of Judgment in accordance with R.C.M. 1111. Finally, the record will be returned to this Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA (51.2)
45 (CDR Federico)
46
02

---

[1] Appellate Exhibit II at 4.